IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN OLSEN,            ) | |
|       Plaintiff,    ) | |
| ) | |
| vs.                      ) | Civil No. 3:06-1219 |
| ) | Judge Campbell |
| REGENT DODGE, INC.,      ) | Magistrate Judge Bryant |
|       Defendant.    ) | |

To: The Honorable Todd J. Campbell, United States District Judge

## REPORT AND RECOMMENDATION

This civil action was referred to the Magistrate Judge by District pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for pretrial management and Report and Recommendations on dispositive motions. (Docket Entry No. 3).

Pending before the court is defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docket Entry No. 7). For the reasons stated below, the undersigned hereby **RECOMMENDS** that defendant's motion be **GRANTED IN PART**, with entry of judgment dismissing plaintiff's sexual orientation discrimination claim, and **DENIED** as to all other claims by plaintiff.

### Procedural History

**The complaint.** The plaintiff, Justin Olsen, filed this action *pro se* under 42 U.S.C. § 2000e *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, against defendant Regent Dodge, Inc. Olsen alleges that over the course of his employment with defendant he was subjected to a hostile work environment in the form of harassment from one of his supervisors, Dan Downey. (Docket Entry No. 1). This alleged harassment took the form of derogatory statements relating to Olsen's "association with African

Americans" and unwanted sexually explicit comments about females. *Id.* Olsen further alleges that Downey made harassing statements indicating that plaintiff's roommate was his "boyfriend," that Downey has verbally and physically attacked him in the past, and that the defendant has "forced [Olsen] to move 5 times in a 3 year period." *Id.* Finally, Olsen claims that he was the victim of retaliation in the workplace stemming from his complaints to management and Mr. Downey.

Plaintiff seeks compensation for the termination of his employment as a result of "constructive discharge," compensatory damages for the health consequences of stress placed on him as a result of defendant's actions, and compensation for his relocation costs.

**Motion to dismiss.** Pending before the court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 7). Defendant asserts several independent rationales for dismissing the plaintiff's complaint. Defendant first argues that plaintiff's complaint is time-barred because he did not include in his complaint any specific dates when the alleged harassment occurred. (Docket No. 8). Additionally, defendant argues that plaintiff's claim for damages as a result of being forced to move five times within a three-year period is specifically time-barred. *Id.*

Second, defendant claims that plaintiff fails to allege a *prima facie* hostile work environment claim because he does not establish that he is a member of a protected class for purposes of a sexual harassment claim.[1] *Id.* Additionally, defendant asserts that plaintiff's hostile work environment claim in relation to his association with racial minorities is not supported by specific factual allegations and must therefore be dismissed. *Id.*

---

[1] Plaintiff is a Caucasian male.

Third, defendant asserts that plaintiff has failed to allege a *prima facie* case of retaliation under Title VII because he fails to allege any adverse employment action taken as a result of any protected activities.

Finally, defendant argues that plaintiff's claims regarding harassment in the form of accusations of homosexuality must be dismissed because discrimination based on sexual orientation is not prohibited. *Id.* Plaintiff filed no response to defendant's motion to dismiss.

**Order to show cause.** On February, 13th 2007, the undersigned entered an order directing plaintiff to respond to defendant's motion to dismiss and to show "cause why this case should not be dismissed upon the grounds stated in defendant's motion." (Docket Entry No. 9). Furthermore, the plaintiff was "notified that failure to file a response may cause the undersigned to recommend that this motion be granted and the complaint dismissed." *Id.* Despite the entry of this order, plaintiff has yet to file a response.

## Analysis

Plaintiff proceeds *pro se.* (Docket Entry No. 1). *Pro* se complaints are to be construed liberally, *Boag v. MacDougall,* 454 US. 364, 365 (1982), but courts have not been willing to abrogate basic pleading essentials in *pro se* suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). In particular, *Wells* provides that *pro se* plaintiffs are required to provide a plain statement of the grounds for relief such that the court must not guess as to the factual circumstances that led to the complaint. *Id.*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss is properly granted when it appears "beyond doubt that the plaintiff can prove no set of

3

facts in support of his claim which would entitle him to relief." *Scotts Co. v. Cent. Garden & Pet Co.,* 403 F.3d 781, 787 (6th Cir. 2005) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir 1993)). "In considering a Fed. R. Civ. R. 12(b)(6) motion, the court must accept as true all factual allegations in the complaint." *Broyde v. Gotham Tower, Inc.,* 13 F.3d 994, 996 (6th Cir. 1994) (quoting *Nishiyama v. Dickson County, Tenn.,* 814 F.2d 277, 279 (6th Cir. 1987)(en banc)).

**Statute of Limitations.** A plaintiff's failure to exhaust administrative remedies in timely fashion is an appropriate basis for dismissal of a Title VII claim. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). To exhaust administrative remedies, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice if the plaintiff has not first instituted proceedings with a state agency, or within 300 days if the plaintiff has first filed with such an agency of the state. *See* 42 U.S.C. § 2000e-5(e). Once the EEOC concludes administrative proceedings and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). These time limits do not constitute a jurisdictional prerequisite to filing suit, but are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Determining the exact effective date from which statutes of limitation should run in relation to hostile work environment claims is inherently difficult because the creation of such an environment necessitates repeated and persistent conduct. *McFarland v. Henderson*, 307 F.3d 402, 408 (6th Cir. 2002). As a result, "the employee need only file a charge within the applicable time period of any act that is part of the hostile work environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117-18 (2002). In

4

effect, this creates a relatively low procedural hurdle for the plaintiff to clear in order to have his case properly before the court.

Defendant argues that plaintiff fails to allege that any single violation of Title VII that led to the creation of a hostile work environment occurred within the applicable time period. (Docket Entry No. 8). Technical defects in the pleadings are to be expected of a *pro se* plaintiff and are generally excused if merely the result of the inartful nature of the complaint. *Boag v. MacDougall,* 454 US. 364, 365 (1982). Although plaintiff failed to allege in the complaint specific dates of discrimination by defendant, plaintiff's pleadings are not defective to the point that they are missing key essentials to pleading as contemplated in *Wells v. Brown, supra*. In particular, the EEOC complaint, which was filed along with the complaint to the court, specifies that the latest date of discrimination was September 1, 2005. (Docket Entry No. 1). Furthermore, the EEOC complaint was filed on September 29, 2005, well within the 300-day window for filing.[2] *Id.* Plaintiff also filed his complaint within 90 days of receiving his right-to-sue letter, thus complying with his statute of limitations requirements under 42 U.S.C. § 2000e-5(f)(1).

Although the dates provided by plaintiff are not as specific as they could be, they are not so vague as to require the court to guess as to the facts of the suit in order to determine its timeliness. Both plaintiff's charge of discrimination and his complaint in this court were filed within the applicable limitations periods.

**Prima Facie Case.** Defendant argues that plaintiff fails to establish a *prima facie* case with regards to both his hostile work environment and retaliation claims. Because

---

[2] Plaintiff's charge of discrimination (Docket Entry No. 1, Exh. 2) was a dual filing with the EEOC and the Tennessee Human Rights Commission, and, as such is entitled to the 300-day limitations period for charges initially filed with a state agency. *Smith v. YUSA Corp.*, 2005 WL 1398490, *3 & n.2 (S.D. Ohio June 14, 2005)(citing *Hall v. Eastman Chemical Co.,* 2005 WL 705775, *2-3 (6th Cir. Mar. 28, 2005)).

plaintiff asserts two separate claims with different elements, they are best analyzed separately.

**Hostile Work Environment.** In order to establish a *prima facie* claim under Title VII for hostile work environment based upon sexual or racial harassment, the plaintiff must demonstrate that: (1) he is a member of a protected class, (2) he was subjected to unwelcome sexual or racial harassment, (3) the harassment was based upon gender or race, (4) the harassment unreasonably interfered with plaintiff's work performance and created a hostile or offensive work environment that was severe and pervasive, and (5) the employer is liable. *See Vickers v. Fairfield Medical Ctr.,* 453 F.3d 757, 762 (6th Cir. 2006).

Defendant's sole argument as to the claim is that plaintiff is not a member of a protected class under Title VII because he is a male. (Docket Entry No. 8). This assertion that plaintiff's gender necessarily precludes him from claiming protection under Title VII is unaccompanied by any citation to legal authority. In fact, the Supreme Court has ruled that "Title VII's prohibition of discrimination because of sex protects men as well as women." *Oncale v. Sundowner Offshore Servs.,* 523 U.S. 75, 78 (1998). The Sixth Circuit has similarly indicated that Title VII extends protection against sex discrimination to workers who are male. *Smith v. City of Salem*, 378 F.3d 566, 572 (6th Cir. 2004). Consequently, it is not clear under the law that plaintiff's sexual harassment claim must fail because he is not a member of a protected class.

Defendant also asserts that plaintiff's hostile work environment claim relating to alleged harassment resulting from his association with African-Americans fails to state a *prima facie* case because Plaintiff "has failed to articulate any specific facts to

6

demonstrate how his association with African-Americans has led to his being subjected to a hostile work environment." (Docket Entry No. 8). As a preliminary matter, defendant points out that the Sixth Circuit has held that, in limited circumstances, an employee who associates with a protected class is protected by Title VII. *See Bell v. Safety Grooving & Grinding, L.P.,* 107 Fed. Appx. 607 (6th Cir. 2004). This is because even though the "root animus" is against someone of a race other than the plaintiff, discrimination arising from relationships with another race makes the employee's own race the basis of the discrimination. *Id.* As a result, even if plaintiff could not claim racial discrimination in his own right as a member of a protected class, he is potentially able to gain Title VII protections when the basis of his claim is harassment as a result of his relationship with members of a protected class.

Defendant's only objection to the racial harassment claim is that plaintiff "fails to articulate any specific facts." Once again, this requires the court to determine if the *pro se* litigant has filed a complaint so defective as to force the court to guess at the factual circumstances of the events that gave rise to the complaint. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

In the instant case, an examination of the plaintiff's form Title VII complaint and the attached EEOC charge reveal the extent of the factual allegations of racially based harassment advanced by the plaintiff. Field 8 of the complaint makes the basic allegation that defendant "created a hostile work environment by harassment (sic) for association with African Americans." (Docket Entry No. 1) Field 9 again makes the assertion that plaintiff's supervisor, Dan Downey, harassed plaintiff for his association with African Americans and adds that he used "racial slurs about African Americans." *Id.* Finally, the

7

copy of the EEOC charge of discrimination attached to plaintiff's complaint makes the allegation that Mr. Downey repeatedly made "statement[s] like 'go f_ _ _ a n _ _ _ _ _' and 'respect is a n _ _ _ _ _ word.'" (blank spaces in original) *Id.* While the flat allegation of harassment contained in field 8 does not meet the basic pleading requirements for *pro se* litigants required in *Wells,* the court does not have to construe the allegations in field 9 and the EEOC charge very broadly in order to determine the nature of the alleged harassment. This relatively explicit statement of the complaint, combined with the liberal construction given to *pro se* pleadings clearly meets the plaintiff's burden of pleading facts in support of his claim. *Boag v. MacDougall,* 454 US. 364, 365 (1982). At this early stage of the litigation, and upon this motion as argued, the undersigned concludes that plaintiff's claim that he was the target of harassment in the form of repeated slurs and derogatory comments, based on his association with African Americans, should go forward into discovery.

**Retaliation.** In order to establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate: (1) he was engaged in an activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an adverse employment action against the plaintiff; and (4) a causal connection existed between the protected activity and the adverse employment action. *Abbott v. Crown Motor Co.,* 348 F.3d 537, 542 (6th Cir. 2003); *EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 860 (6th Cir. 1997). Defendant asserts that plaintiff has failed to establish a *prima facie* retaliation claim because the plaintiff does not allege any causal connection between a protected activity undertaken by plaintiff and an adverse employment action taken by defendant.

The "protected activity" element of a Title VII claim refers to the prohibition on employer retaliation against any employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). Thus, in order to qualify as having engaged in a protected activity, a plaintiff need only oppose a practice by an employer that is unlawful under Title VII, even if he declines to do so through an official channel such as an EEOC investigation. *Johnson v. Univ. of Cincinnati,* 215 F.3d 561, 578 (6th Cir. 2000). Furthermore, under Sixth Circuit case law a plaintiff engages in protected activity when he reasonably believes that he is opposing a discriminatory employment practice, even if the employment practice does not actually offend Title VII. *Id.* at 579-80. Therefore, even though defendant asserts that plaintiff's "only protected activity … is his filing of an EEOC charge," (Docket Entry No. 8), plaintiff's reported "complaints to management and harasser" are also protected activity under Title VII. (Docket Entry No. 1).

Furthermore, plaintiff alleges in his form complaint that he was the victim of a constructive discharge in retaliation for his complaints to management. *Id.* In order to establish a constructive discharge the plaintiff must show that the abusive working environment became so intolerable that his resignation qualified as a fitting response. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 134 (2004). Under the constructive discharge doctrine, "an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Id.* at 141. Consequently, even if the employer took no formal action against the employee such as imposing sanctions, docking pay, or terminating his employment, more subtle

forms of retaliation such as the creation of a hostile work environment can satisfy the "adverse employment action" element of a retaliation claim.

Although the determination that the employee was left with no option other than resignation is judged under a reasonable person standard in the Sixth Circuit, *Policastro v. Northwest Airlines, Inc.,* 297 F.3d 535, 540 (6th Cir. 2002), plaintiff states in his attached EEOC charge that "I felt I had no choice but to resign my position due to the constant harassment." (Docket Entry No. 1) This suffices to meet plaintiff's burden of alleging a set of facts upon which recovery could be granted because the reasonableness of plaintiff's belief is a factual issue best left to the determination of the factfinder. As a result, plaintiff's complaint sufficiently alleges that he was engaged in a protected activity (complaints to management), and that defendant engaged in activities creating unendurable working conditions that led to his constructive discharge. Assuming that all factual allegations in the complaint are true, defendant has not carried its burden of showing that plaintiff can prove no set of facts that would entitle him to relief. *Broyde v. Gotham Tower, Inc.,* 13 F.3d 994, 996 (6th Cir. 1994).

**Perceived Homosexuality Discrimination.** Although Title VII creates protections for employees with respect to many forms of discrimination, Title VII currently provides no protection for harassment in regards to an employee's sexual orientation. *Vickers*, 453 F.3d at 762. Although sex discrimination claims frequently involve stereotypical notions of how men and women should behave, and these stereotypes are inherently bound up with ideas about homosexuality and heterosexuality, the Sixth Circuit has explicitly taken the position that "a gender stereotyping claim should not be used to bootstrap protection for sexual orientation into Title VII." *Id. at*

10

763-64. This lack of protection is not a judicial creation specific to the Sixth Circuit, but rather a statutory gap that cannot be filled through judicial means. "Harassment on the basis of sexual orientation has no place in society. Congress has not yet seen fit, however, to provide protection against such harassment." *Id. at* 765. Accordingly, dismissal of the harassment claim based upon sexual orientation is appropriate at this juncture.

## RECOMMENDATION

For the reasons stated above, the undersigned hereby **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED IN PART**, with entry of judgment dismissing plaintiff's sexual orientation discrimination claim, and **DENIED** as to all other claims by plaintiff.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from the receipt of any objections filed to this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied* 474 U.S. 1111 (1986).

Entered this the ____ day of June, 2007.

s/ John S. Bryant _
John S. Bryant
United States Magistrate Judge